T.C. Summary Opinion 2001-102

UNITED STATES TAX COURT

JAMES K. AND PATRICIA J. GOODCHILD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1254-00S.                    Filed July 5, 2001.

<u>Bruce N. Crawford</u>, for petitioners.

<u>Melissa J. Hedtke</u>, for respondent.


PAJAK, <u>Special Trial Judge</u>: This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $2,666 in petitioners' 1997 Federal income tax. Due to the manner in which petitioners presented their case, the sole issue we must decide is whether petitioners are entitled to exclude disability benefits from income under section 105(c).

This case was submitted fully stipulated pursuant to Rule 122. The limited facts stipulated are so found. Petitioners resided in Maple Grove, Minnesota, at the time their petition was filed.

It was determined that petitioner James K. Goodchild (petitioner) had Crohn's disease, arthritis in both knees, and job-related stress. Respondent conceded that petitioner's medical condition prevented him from continuing as a senior broadcast technician at the University of Minnesota. Petitioner began receiving a disability benefit from the Minnesota State Retirement System in April 1997.

During 1997, petitioners received $12,873 from the Minnesota State Retirement System. The Minnesota State Retirement System provided petitioners with a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., for that amount. During 1997, petitioners received $6,030 from the Social Security Administration. The Social Security Administration provided petitioners with a Form 1099-SSA for that amount.

Respondent determined that petitioners did not report pension income in the amount of $12,873.  Respondent also determined that petitioners did not report as income taxable benefits of $5,126 from the $6,030 paid to petitioners by the Social Security Administration.  Petitioners take the position that the Social Security benefits are subsumed in the section 105(c) exclusion issue.

Both parties argued the case based on the applicability of section 105(c).  Petitioners argue that they are entitled to an exclusion of the disability payments under section 105(c).  Respondent's position is that section 105(c) does not apply under the facts in this case for a number of reasons.

Initially, we find it unnecessary to decide whether the Minnesota State Retirement System qualifies as a health or accident plan because petitioners cannot satisfy one of the requirements under section 105(c).

Pursuant to section 105(a), payments received by an employee under an employer-provided accident or health insurance plan for personal injuries or sickness are generally includable in the employee's income.  However, section 105(c) grants an exception under which such payments may be excluded from an employee's gross income if the requirements of section 105(c) are met.

Section 105(c) provides that:

> SEC. 105(c). Payments Unrelated to Absence From Work.--
> Gross income does not include amounts referred to in

subsection (a) to the extent such amounts–

> (1) constitutes payment for the permanent loss or loss of use of a member or function of the body, or the permanent disfigurement, of the taxpayer, his spouse, or a dependent (as defined in section 152), and

> (2) are computed with reference to the nature of the injury without regard to the period the employee is absent from work.

Thus, a necessary predicate for exclusion under section 105(c) is that the amounts are computed "without regard to the period the employee is absent from work." Armstrong v. Commissioner, T.C. Memo. 1993-579.

The Minnesota State Retirement System provides that disability payments are to be made to employees found to be "totally and permanently disabled". Minn. Stat. sec. 352.113 subdiv. 1, sec. 352.01 subdiv. 22 (2001). The statute defines total and permanent disability as the employee's "inability to engage in any substantial gainful activity by reason of any medically determinable physical * * * impairment that has existed or is expected to continue for a period of at least one year." Minn. Stat. sec. 352.01 subdiv. 17 (2001). The statute goes on to provide that if "the employee is no longer permanently and totally disabled, or is engaged in or can engage in a gainful occupation, payments of the disability benefit by the fund must be discontinued." Minn. Stat. sec. 352.113 subdiv. 6 (2001).

Thus, the disability payments under the Minnesota State Retirement System cover only the period of time during which an

employee has to be absent from work.  Such payments are promptly discontinued if and when an employee becomes able to work again. The disability payments from the Minnesota State Retirement System are computed with regard to the period the employee was absent from work.  The critical requirement for exclusion under section 105(c) that the payments must be "computed * * * without regard to the period the employee is absent from work" is not satisfied.  Armstrong v. Commissioner, supra.

Section 105(c) does not apply in this case.  The payments from the Minnesota State Retirement System are taxable under section 61(a)(11).  The payments from the Social Security Administration are taxable under section 86.  We sustain respondent's determination.

Reviewed and adopted as the report of the Small Tax Case Division.


Decision will be entered

for respondent.